IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ALLISON MITCHELL,**

    **Petitioner,**

v.                                     **Civil Action No.: 3:20-CV-141**
                                                **(GROH)**

**WARDEN P. ADAMS,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On August 7, 2020, Petitioner Allison Mitchell, an inmate incarcerated at Hazelton Secure Female Facility, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, claiming: (1) a failure by the Bureau of Prisons to maintain sanitary conditions, (2) exposure to a fire hazard due to a lack of running water for four days; (3) cruel and unusual punishment due to a lack of phone, email or video visits for three days; (4) her alleged exposure to COVID-19, all of which actions Petitioner characterized as jail or prison conditions; and (5) that she was denied due process in the administrative remedy process. ECF No. 1 at 1, 5 – 8.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed with prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:20-CV-141, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence[2]

On May 24, 2018, an indictment was returned in the Eastern District of Kentucky which charged Petitioner in Count 2 with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. On December 19, 2018, Petitioner entered a guilty plea to Count 2. ECF Nos. 32, 33. On April 24, 2019, Petitioner was sentenced to 72 months of imprisonment. ECF Nos. 40, 41.

On August 5, 2020, Petitioner filed an emergency motion for release based on the COVID-19 pandemic. ECF No. 62. That motion was denied by order entered August 10, 2020, which order noted that the motion does not appear to be a proper motion for sentence modification filed pursuant to 18 U.S.C. § 3582. ECF No. 63.

### B. Administrative Proceedings

Although Petitioner did not submit copies of any administrative remedy requests along with her petition, she asserts that she presented her claim to the BOP but that the her BP-9 forms have "continued" to be rejected, thereby "blocking" her from completing a BP-10. ECF No. 1 at 8 – 9. Petitioner claims that she submitted a BP-9 administrative remedy number 1032751-F1 on July 8, 2020, which was rejected July 20, 2020, for failure to provide evidence of a BP-8 form. Id. at 8. Further, Petitioner asserts that she resubmitted her BP-9 claims on July 23, 2020, which was also rejected

---

[2] The facts are taken from Petitioner's criminal conviction in the Eastern District of Kentucky, in case number 3:18-CR-6, available on PACER. Unless otherwise noted, the ECF entries in section II.A. refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

because she had "already filed on this issue and [directed her] to refer to remedy [number] 1032751-F1. Petitioner does not assert that she presented any other claims to the BOP, or submit any documentation regarding such administrative claims.

### C. Instant Proceedings Under 28 U.S.C. § 2241

Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, on August 7, 2020, wherein she asserted five claims for relief and requested that the court order (1) remediation or professional sanitation of all buildings; (2) an investigation of Hazelton concerning OSHA and health code regulations; and (3) to be transferred if her other relief is not granted. ECF No. 1 at 9.

### III. STANDARD OF REVIEW

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

### IV. ANALYSIS

Petitioner asserts that she is entitled to the writ of habeas corpus on the theory that (1) the Bureau of Prisons failed to maintain sanitary conditions, (2) exposed her to

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

a fire hazard due to a lack of running water for four days; (3) violated her rights against cruel and unusual punishment due to a lack of phone, email or video visits for three days; and (4) allegedly exposed her to COVID-19; and (5) that she was denied due process in the administrative remedy process, all of which actions Petitioner characterized as jail or prison conditions. ECF No. 1 at 1, 5 – 8. For relief, Petitioner does not seek release from custody, to shorten her incarceration, or to restore any good time credit. Rather, Petitioner seeks to have the Court order the Bureau of Prisons to conduct remediation or professional sanitation of all buildings, that Hazelton be investigated for OSHA or health code regulations, or that she be "transferred"[4]. Id. at 9.

To the extent that Petitioner contends that the BOP's failure to provide sanitary conditions of confinement violated her Constitutional rights, her argument fails because neither the fact nor the length of her confinement are contested. Because Petitioner seeks relief that does not affect the fact or duration of her confinement, her claim is inappropriate for consideration under § 2241. As stated by the Supreme Court:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.[5]

Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal citations omitted). The Supreme Court previously explained in a challenge by two prisoners that, "[b]ecause neither

---

[4] Petitioner does not specify where she wishes to be transferred, or whether the conditions at other BOP facilities would meet her requested conditions.

[5] Actions filed under § 1983 are civil rights actions against state actors. In Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971), the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law.

5

prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus' . . . [and] the prisoners' claims for *future* relief (which, if successful, will not necessarily imply the invalidity of confinement or shorten its duration) are yet more distant from that core."  Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (internal citations omitted).

In her petition, it is clear that Petitioner does not attack, nor are her claims related in any way to, the execution of her sentence.  She does not challenge the validity of her confinement or seek speedier release from confinement.  Instead, she complains about the conditions of her confinement, i.e., that the prison is unsanitary, that she was exposed to a potential fire hazard, that she was denied access to phone, email or video visits for three days, that she was potentially exposed to COVID-19, and that her attempts to seek administrative remedies were blocked by BOP officials.[6]  Accordingly, it appears that the Petitioner has failed to assert a claim for which relief can be granted under 28 U.S.C. § 2241, and her petition must be dismissed.

## V.     RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

It is further **RECOMMENDED** that Petitioner's motion for leave to proceed without prepayment of fees [ECF No. 2] be **TERMINATED** as **MOOT**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report

---

[6] To pursue the claims raised herein, Petitioner must file a lawsuit governed by Bivens, and pay the appropriate filing fee.

6

and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

**DATED:** August 18, 2020

/s/ Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE